# IN THE COURT OF APPEALS OF IOWA

No. 23-0586
Filed October 11, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KYLE DEAN SCHNITZLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.

Kyle Dean Schnitzler appeals the sentence imposed by the district court after he pled guilty to possession of a controlled substance. **AFFIRMED.**

Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Badding and Chiccchelly, JJ.

**CHICCHELLY, Judge.**

Kyle Dean Schnitzler appeals the sentence imposed by the district court after he pled guilty to possession of a controlled substance. Schnitzler contends the district court abused its discretion by failing to consider certain mitigating factors. Because we find no abuse of discretion by the district court, we affirm the sentence.

## I.      Background Facts and Proceedings.

Schnitzler was charged with three counts: count I, third-degree attempted burglary; count II, possession of burglar's tools; and count III, possession of a controlled substance, third or subsequent offense. Following plea negotiations, Schnitzler entered into a plea agreement with the Scott County Attorney's Office. In exchange for dismissing the remaining charge and not pursuing the habitual-offender enhancement, Schnitzler would plead guilty to counts I and III. The district court declined to accept the plea agreement, and Schnitzler was allowed to withdraw the guilty pleas. Schnitzler then negotiated a second "open plea" with no set sentencing recommendation. He pled guilty to count III in exchange for dismissal of the remaining counts.

At sentencing, the State recommended a term of incarceration not to exceed five years. But Schnitzler argued probation would be more appropriate given certain mitigating factors, like his extensive substance-abuse treatment and family circumstances. The district court ultimately sentenced Schnitzler to incarceration for a period not to exceed five years, a suspended fine of $1025, and credit for time served. Schnitzler now appeals the sentence, claiming the district court abused its discretion by imposing incarceration rather than probation.

## II.    Review.

While the right of appeal is limited for convictions following a guilty plea, there is generally good cause for appeal when the challenge is to the sentence rather than the guilty plea.  *See* Iowa Code § 814.6(1)(a)(3) (2023); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021), *abrogated on other grounds by* State v. Patten, 981 N.W.2d 126 (Iowa 2022).  We review the sentence ordered for correction of errors at law.  *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020).  We will not reverse the decision of the district court absent "an abuse of discretion or some defect in the sentencing procedure."  *Id.* (citation omitted).  An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable."  *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted).

## III.    Discussion.

Schnitzler alleges the district court abused its discretion when sentencing him by failing to consider certain mitigating factors.  He specifically points to his participation in substance-abuse treatment, the non-seriousness of his prior criminal history, and his family and personal circumstances as significant factors.  While the court must "consider all the circumstances of a particular case . . . , it is [not] required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (internal citation omitted).  In fact, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* "Instead, we review a sentence for an abuse of discretion based on the entire record, and look to see if

the reasons articulated by the trial court are sufficient to enable us to determine if an abuse of discretion occurred." *Id.*

Here the sentencing court explained its decisions as follows:

> Well, Mr. Schnitzler, my job is to think about the appropriate rehabilitative plan for you, what's available within the community to assist you in that process, and to consider that the public must be protected. In doing so, I look at the nature of the crime, the impact that crime has upon our community, and your willingness to accept change and treatment.
>
> This is a difficult situation because, generally speaking, I think possessing a controlled substance is not something that I'm in favor of sending to prison for, especially if there are some substance abuse issues[.] I don't think prison is a substance use facility. It's—you know, it's punishment and it's an accountability tool. But that's why I also think it's appropriate.
>
> I realize that maybe your offenses wouldn't—and your history wouldn't classify as serious, but they create victims. Fraudulent practice, theft, trespass, criminal mischief, those types of things, they create victims. And that has a pretty significant impact on our community.
>
> . . . .
>
> . . . And I'm sorry that you have some family stuff going on. That's difficult. That creates stress. That's—those are tough situations and those are real life and I don't want to minimize them. But the best way for you to be around for your family is to stop acting the way you've been acting for the last 20 years. And I know that's maybe easier said than done and I appreciate the fact that you're taking the steps you need to, but the rubber's got to meet the road, and that's kind of where we are.

We find this explanation sufficient to conclude there was no abuse of discretion. "The sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen,* 975 N.W.2d 344, 355 (Iowa 2022). "In exercising this discretion, the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform." *Boltz,* 542 N.W.2d at 10. "Furthermore,

before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). "The application of these goals and factors to an individual case, of course, will not always lead to the same sentence." *Id.* Instead, we limit our review to whether the district court erred, not whether it exercised its discretion differently than another court might have. *Id.*

The court expressly noted many of these factors, including Schnitzler's prior criminal record and the lack of accountability taken related to these offenses. It also expressly mentioned Schnitzler's personal and family circumstances. During the sentencing hearing, Schnitzler shared that his mother's health was failing. He also told the court his son was scheduled for surgery just days after sentencing, and he was meant to be undergoing surgery himself as well. Finally, Schnitzler's counsel described Schnitzler's efforts in intensive outpatient substance-abuse treatment and his supervision by Illinois probation. These factors were all considered by the district court in selecting a suitable sentence. Therefore, we are satisfied the district court considered appropriate sentencing factors and provided sufficient reasoning for imposing the term of incarceration selected. We find no abuse of discretion and affirm Schnitzler's sentence.

**AFFIRMED.**